■ BRISTOL RECREATION SYSTEMS, INC., Respondent, v. CONTRACT FURNISHERS CORPORATION et al., Appellants.— Order unanimously modified in accordance with the Memorandum and, as so modified, affirmed, with costs. Memorandum: Special Term properly denied the motion of defendant Contract Furnishers Corporation (Furnishers) to dismiss the action against it for lack of personal jurisdiction. Furnishers, a Florida corporation, and defendant Ernest Andich, a resident of Florida, entered into a contract with plaintiff in Florida under which they were to obtain financing for a land development project planned by plaintiff in New York State. Plaintiff, claiming that the financing was not obtained, commenced this action to recover $42,000 in deposits it made pursuant to the contract. On several occasions during March, 1970 and on April 1, 21, and 29, 1970 and May 20, and 21, 1970, defendant Alan Simons, the president of Furnishers, came to New York to acquaint himself with the project and inspect the proposed construction site and on three of the visits was accompanied by representatives of prospective financiers. While in New York on April 29, 1970, Simons executed a modification of the contract and on May 21, 1970 he cashed one of the deposit checks in New York. ¶ CPLR 302 (subd. [a], par. 1) provides that New York can exercise jurisdiction over nonresidents who have transacted business within the state personally or through an agent, if the cause of action arose out of the transaction of that business. Furnishers availed itself of the privilege of conducting activities in this State and is subject to its jurisdiction. (*Longines-Wittnauer* v. *Barnes & Reinecke*, 15 N Y 2d 443; *Management & Technology*, v. *Logetronics, Inc.*, 31 A D 2d 1002.) ¶ However, the record does not set forth sufficient information to determine whether defendants Simons and Andich are subject to jurisdiction, and as to them the matter should be remitted for further proceedings to develop the facts bearing on it. (*Noble* v. *Singapore Resort Motel of Miami Beach*, 21 N Y 2d 1006; *Grandoe Glove Corp.* v. *Great Eastern Fin. Corp.*, 34 A D 2d 593.) (Appeal from order of Monroe Special Term denying motion to dismiss action to recover money deposit.) Present—Del Vecchio, J. P., Witmer, Gabrielli, Moule and Henry, JJ.